# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

ANDREA L. SLEZAK,
f/k/a Andrea L. Schaefer,

    *Plaintiff,*    CASE NO. 13-CV-12592

v.    DISTRICT JUDGE THOMAS L. LUDINGTON
        MAGISTRATE JUDGE CHARLES BINDER

NATIONSTAR MORTGAGE, LLC, and
FEDERAL HOME LOAN MORTGAGE
CORPORATION,

    *Defendants*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANTS' PARTIAL MOTION TO DISMISS
(Doc. 8)

### I.  RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' motion be **GRANTED.**

### II.  REPORT

#### A.  Introduction

This action was removed to this Court from the Bay County, Michigan, Circuit Court on June 13, 2013, pursuant to diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1.) The complaint alleges the following claims: (1) trespass/anti-lockout violation under Mich. Comp. Laws § 600.2918; and (2) set-aside of void foreclosure under the Michigan Foreclosure Act, Mich. Comp. Laws § 600.3205a. (Doc. 1 at 14-15.) The case was referred by United States District Judge

Thomas L. Ludington to the undersigned magistrate judge for general case management on June 19, 2013. (Doc. 5.)

On July 19, 2013, Defendants Nationstar Mortgage, LLC ("Nationstar") and Federal Home Loan Mortgage Corporation ("Freddie Mac") filed the instant partially dispositive motion. (Doc. 8.) Defendants' Partial Motion to Dismiss seeks dismissal of Count 2 of the complaint. (Doc. 8.) Plaintiff responded to the motion on August 9, 2013, and Defendants replied on August 26, 2013. On August 15, 2013, the Court notified the parties that the motion would be determined without oral argument pursuant to Local Rule 7.1(f)(2) of the Eastern District of Michigan. Therefore, the motion is ready for report and recommendation.

**B.     Factual Background**

Plaintiff's property is commonly known as 306 Frank Street, Bay City, Michigan (the "property"). (Doc. 1; Doc. 8 at 9.) On September 5, 2007, Plaintiff entered into the subject mortgage with Comerica Bank in the amount of $78,850.00. (Doc. 1 at Ex. A, Pg ID 18; Doc. 8 at 9.) The mortgage named Mortgage Electronic Systems, Inc. ("MERS") as "nominee for Lender and Lender's successors and assigns." (Doc. 1 at Ex. A, Pg ID 19.) On June 17, 2012, MERS, as nominee for Comerica Bank, assigned its interest in the mortgage to Nationstar and recorded the assignment of mortgage with the Bay County Register of Deeds. (Doc. 1 at Ex. B, Pg ID 34.)

Plaintiff defaulted on the mortgage payments and Nationstar initiated foreclosure proceedings. A Notice of Foreclosure Sale was published in the Bay City Democrat and the Bay County Legal News beginning December 6, 2012, and continuing once each week for four successive weeks through December 27, 2012. (Doc. 8 at Ex. 1, Pg ID 73.)

On January 2, 2013, Defendants winterized the property and changed the locks. (Doc. 1 at Pg ID 12-13.) On that same day, Plaintiff avers that she "was able to enter the Property through one door that was left open by Defendants' agent." (Doc. 1 at Pg ID 13.) "Upon entry, Plaintiff discovered that Defendants' agent had left the water running in the basement at the washer hook-up, and had damaged the Property." (*Id.*) Plaintiff turned the water off, realized that the door locks had been changed and "immediately contacted the Bay County Sheriff and reported the trespass and damage to the Property." (*Id.*) Plaintiff also contacted Defendants, "demanding access to the Property." (*Id.*) Plaintiff alleges that prior to the Sheriff's sale, she "had the Property listed with a realtor" and that, "[d]ue to Defendants' unlawful trespass, Plaintiff has had to cancel showings of the Property." (*Id.*)

On January 4, 2013, the subject property was sold at a sheriff's sale to Defendant Freddie Mac for $50,400.00. (Doc. 1 at Ex. C, Pg ID 36; Doc. 8 at Ex. 1, Pg ID 71-72.)

The redemption period expired on July 5, 2013. Mich. Comp. Laws § 600.3240(13). Plaintiff's complaint asks this Court to "immediately toll Plaintiff's redemption period on the Property, declare Defendants' foreclosure of the Property void, and grant such other relief as the court deems just and equitable." (Doc. 1 at Pg ID 15.)

### C. Motion Standards

Defendants move for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, for summary judgment pursuant to Rule 56(c). Since all of the claims are analyzed under the motion to dismiss standards, the motion will be treated as a motion to dismiss.

When deciding a motion to dismiss, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the

3

plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quotation omitted). This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v. Goodwill Industries-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (consideration of other materials that "simply

4

filled in the contours and details of the plaintiff's [second amended] complaint, and added nothing new" did not convert motion to dismiss into motion for summary judgment).

    **D.**    **Analysis & Conclusions**

    **1.**    **Arguments of the Parties**

Defendants contend that Plaintiff lacks standing to bring this action because she has not averred a defect or irregularity in the foreclosure proceeding to provide standing. (Doc. 8 at 12-16.) Defendants also argue that the fact that Plaintiff filed the lawsuit before the redemption period expired does not stay or toll the redemption period. (*Id.* at 13, n.2.)

Plaintiff responds that Defendants' "taking possession of the property prior to a sheriff's sale" and changing the locks constituted a sufficient irregularity to set the foreclosure sale aside and that she has alleged sufficient prejudice because had Defendants allowed her "access" to the property, she "would have been able to continue to list the Property for sale, showing it to prospective buyers." (Doc. 10 at 8-10.) Plaintiff also relies on case law recognizing the mortgagor's right to possession and other benefits of ownership during the redemption period. (*Id.* at 9.)

Defendants reply that Plaintiff's "optimistic speculation" that she might have found a buyer to purchase the house and pay off the mortgage loan is inadequate to show actual prejudice and even if it were not speculative, it would not constitute the necessary prejudice to set aside the foreclosure sale, i.e., that Plaintiff would have been in a better position to preserve her interest in the property because if she were able to find a buyer, she would have extinguished her interest in the property. (Doc. 12 at 4-5.) In addition, Defendants contend that Plaintiff's trespass/lockout claim, even if proven, does not allow the foreclosure sale to be set aside because the sole remedy for trespass is money damages. (*Id.* at 5-6.)

5

**2. Standing under Michigan law**

**a. Standards**

Under Michigan law, "[w]hen the redemption period expires, the purchaser of a sheriff's deed is vested with 'all the right, title, and interest' in the property." *Carmack v. Bank of New York Mellon*, No. 12-cv-11669, 2012 WL 2389863, at *2 (E.D. Mich. June 25, 2012) (citing Mich. Comp. Laws § 600.3236). "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud or irregularity." *Overton v. Mortgage Elec. Reg. Sys.*, No. 07-725429, 2009 WL 1507342, at *1 (Mich. Ct. App. 2009).

The Michigan Court of Appeals has affirmed the holding in *Overton* even where, as here, the plaintiff filed suit before expiration of the redemption period. *Awad v. General Motors Accept. Corp.*, No. 302692, 2012 WL 1415166, at *3 (Mich. Ct. App. 2012). The court reiterated that "[u]pon the expiration of the redemption period, [plaintiff] lost all right, title, and interest in the property and therefore, lost her standing to sue." *Id.*; *accord Williams v. Pledged Property II, LLC*, 508 F. App'x 465, 468 (6th Cir. 2012); *Kumar v. U.S. Bank Nat'l Ass'n,* No. 12-cv-12624, 2013 WL 783999, at *2 (E.D. Mich. Mar. 1, 2013); *Costell v. Bank of New York Mellon*, No. 12-cv-15063, 2013 WL 317746, at *3 (E.D. Mich. Jan. 28, 20130) ("The commencement of legal proceedings prior to the expiration of the redemption period does not preserve a mortgagor's standing to challenge the foreclosure sale"); *Allor v. Federal Home Loan Mort. Corp.*, No. 12-12290, 2012 WL 5265738, at *2 (E.D. Mich. Oct. 24, 2012); *Sylvester v. Fannie Mae*, No. 12-13186, 2012 WL 4694348, at *2 (E.D. Mich. Oct. 3, 2012) ("that Plaintiff filed her suit before the redemption period expired does nothing to advance her claims"); *Chungag v. Wells Fargo Bank,*

*N.A.*, No. 12-11073, 2012 WL 1945483, at *4 (E.D. Mich. May 30, 2012); *Duff v. Federal Nat'l Mort. Ass'n,* No. 11-cv-12474, 2012 WL 692120, at *3 (E.D. Mich. Feb. 29, 2012); *Luster v. Mortgage Elec. Reg. Sys.,* No. 11-CV-14166, 2012 WL 124967, at *2 (E.D. Mich. Jan. 17, 2012).[1]

The Sixth Circuit has held in several unpublished decisions that the Michigan "holdings 'do[] not turn on [the] standing doctrine[]'" but that it is "more accurate to say that the 'fraud or irregularity' claims in *Overton, Awad,* and *Mission of Love* lacked sufficient merit to meet the high standard imposed by Michigan law on claims to set aside a foreclosure sale." *El-Seblani v. Indymac Mort. Servs.*, 510 F. App'x 425, 429-30 (6th Cir. 2013) (citing *Houston v. U.S. Bank Home Mort. Wisc. Serv.*, No. 11-2444, 2012 WL 5869918, at * 4 (6th Cir. Nov. 20, 2012)). The high standard referred to by the Sixth Circuit is "whether [the plaintiff] made a sufficient showing of 'fraud or irregularity' in connection with the sheriff's sale of his home to 'undo the divestment of [his] property.'" *El-Seblani*, 2013 WL 69226, at *4; *Houston*, 2012 WL 5869918, at *5.

More recently, the Sixth Circuit has explained in a published opinion that "[w]hether the failure to make this showing is best classified as a standing issue or a merits determination, one thing is clear: a plaintiff-mortgagor must meet this 'high standard' in order to have a foreclosure set aside after the lapse of the statutory redemption period." *Conlin v. MERS*, 714 F.3d 355, 359-60 (6th Cir. 2013). Finally, the Sixth Circuit has emphasized that any alleged fraud or irregularity "'must relate to the foreclosure procedure itself.'" *Conlin*, 714 F.3d at 360 (citation omitted).

**b.    Application**

---

[1] *But see Ahmad v. Wells Fargo Bank, N.A.*, 861 F. Supp. 2d 818, 823-24 (E.D. Mich. Mar. 19, 2012) (disagreeing with cases finding that plaintiffs lack standing after redemption period expires because plaintiffs are the last owner and possessor of the property and often remain in possession of the property notwithstanding any sheriff's sale, which should satisfy the injury-in-fact requirements for standing, but ultimately concluding that the "court does not need to resolve Plaintiffs' standing . . . because, even assuming they have such standing, their claims are still subject to dismissal . . . ."); and *Moss v. Wells Fargo Bank, N.A.*, No. 11-13429, 2012 WL 1050069, at *3-4 (E.D. Mich. 2012).

Here, the only defect or irregularity cited by Plaintiff is her allegation that Defendants trespassed and locked her out of the subject property two days before the foreclosure sale and during the redemption period. Plaintiff correctly states that, under Michigan law, the holder of a sheriff's deed has a contingent interest in the property which does not vest in the holder of the sheriff's deed until the expiration of the redemption period. *Kubczak v. Chemical Bank & Trust Co.*, 456 Mich. 653, 661, 575 N.W.2d 745 (1998). Therefore, during the redemption period, the mortgagors have not only the right to redeem but also the right of possession and benefits of ownership. *Id.*; *accord, Ruby & Assocs., P.C. v. Shore Finan. Servs.*, 741 N.W.2d 72, 78 (Mich. Ct. App. 2007).

However, even if Defendants violated this tenet of Michigan law, I suggest that the violation is not an alleged fraud or irregularity that relates to the foreclosure procedure itself. *See Conlin*, 714 F.3d at 360. Rather, it relates to conduct outside of the foreclosure process entirely.

I therefore suggest that Plaintiff has not averred any irregularity or defect in the foreclosure procedure that could even arguably provide Plaintiff with standing or could otherwise make "a sufficient showing of 'fraud or irregularity' in connection with the sheriff's sale of her home to 'undo the divestment of [her] property.'" *El-Seblani*, 2013 WL 69226, at *4; *Houston*, 2012 WL 5869918, at *5. I therefore suggest that Defendants' motion to dismiss should be granted on this ground alone.

### 3. Prejudice

Even if there had been a defect or irregularity in the foreclosure proceeding itself, any such defect would have rendered the foreclosure voidable, not void. *Kim v. JP Morgan Chase Bank, N.A.*, 825 N.W.2d 329 (Mich. 2012) ("we hold that defects or irregularities in a foreclosure

8

proceeding result in a foreclosure sale that is voidable, not void *ab initio*"); *Jackson Inv. Corp. v. Pittsfield Prod., Inc.,* 413 N.W.2d 99, 101 (Mich. Ct. App. 1987) ("A defect in notice renders a foreclosure sale voidable and not void."); *Mitan v. Fed. Home Loan Mort. Corp.*, 703 F.3d 949, 952 (6th Cir. 2012) ("Notice defects render a foreclosure voidable").

Since the sale is voidable, a plaintiff "must show that they were prejudiced by defendant's failure to comply with MCL 600.3204," i.e., "that [she] would have been in a better position to preserve [her] interest in the property absent defendant's noncompliance with the statute." *Kim*, 493 Mich. at 118.

Federal case law has consistently held that where plaintiffs have admitted default, received notice of default, failed to show they had the funds to outbid the highest bidder at the sale, let alone pay the entire unpaid balance owing on the loan, and showed no attempt to redeem the property, they cannot show how any alleged defects in the notice prejudiced them. *See, e.g., Harrison v. Bank of America, N.A.,* No. 12-cv-12281, 2013 WL 440163, at *4 (E.D. Mich. Jan 17, 2013); *Elson v. Deutsche Bank Nat'l Trust Co.*, No. 11-14100, 2012 WL 1902916, at *6 (E.D. Mich. May 25, 2012); *Piccirilli v. Wells Fargo Bank, N.A.*, No. 2:11-cv-10264, 2012 WL 1094333, at *7 (E.D. Mich. Mar. 30, 2012); *Caillouette v. Wells Fargo Bank, N.A.*, No. 11-cv-10204, 2012 WL 1033498, at *8 (E.D. Mich. Mar. 27, 2012).

I suggest that Plaintiff in the instant case suffers from the same failure: she has not sufficiently alleged prejudice. Here, Plaintiff has not challenged the fact that she defaulted on the loan, nor has she contended that she was not aware that the property was scheduled for foreclosure sale. In addition, Plaintiff has not alleged that she ever attempted to redeem the property, and she has not alleged that he had sufficient funds to outbid the highest bidder at the sale, let alone pay off the entire loan.

I further suggest that Plaintiff's speculative contention that had her realtor been allowed to show the property, the property would have sold for an amount sufficient to pay off the mortgage fails to show "that [she] would have been in a better position to preserve [her] interest in the property absent defendant's noncompliance with the statute." *Kim*, 493 Mich. at 118. First, the allegation is too speculative to show that Plaintiff would have been in a better position and second, Plaintiff has not even alleged that Defendants violated "the [foreclosure procedure] statute," but rather has alleged only that Defendants violated a different portion of Michigan law relating to the mortgagor's rights during the redemption period.

I therefore suggest that Defendants' motion to dismiss be granted based on Plaintiff's lack of standing (or failure to meet the requirements of fraud or irregularity) and failure to aver the prejudice necessary to render any defect or irregularity voidable.

### E. Conclusion

For the reasons stated above, I suggest that Defendants' partial motion to dismiss should be granted and that Count 2 of Plaintiff's Complaint should be dismissed with prejudice.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v.*

*Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                                 s/ Charles E Binder  
                                                 CHARLES E. BINDER  
Dated: September 4, 2013                  United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System.

Date:  September 4, 2013                        By     s/Patricia T. Morris  
                                                                  Law Clerk to Magistrate Judge Binder